SCOTT N. SCHOOLS (SC Bar No. 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

   450 Golden Gate Avenue, Ninth Floor
   San Francisco, California 94102
   Telephone:    (415) 436-6909
   Facsimile:    (415) 436-6748
   Email: jonathan.lee@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| JONATHAN AUGUST BROOKS, BONITA FINNIE, and MILDRED YVETTE MARSHALL, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendants. | No. C 06-7835 CW <br><br> **STIPULATION OF SETTLEMENT; ORDER** |

THE PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY SUBMIT THE FOLLOWING STIPULATION:

IT IS HEREBY STIPULATED as follows:

1. The parties to this litigation are plaintiffs Jonathan August Brooks, Bonita Finnie, and Mildred Yvett Marshall (hereinafter, collectively referred to as "Plaintiffs"), on the one hand, and defendant United States of America, on the other hand;

2. The parties hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

3. The United States agrees to pay to the plaintiffs the sum of $210,000 (Two Hundred Ten Thousand Dollars exactly), made payable to the trust account of Hersh & Hersh, A Professional Corporation, under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiffs, their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents, servants, and employees.

4. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the sum of $210,000 (Two Hundred Ten Thousand Dollars exactly) in full settlement and satisfaction of any and all claims, demands, rights, and causes of

action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America or its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit. Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their heirs, executors, administrators or assigns against any third party or against the United States of America.

5. In consideration of the payment of Two Hundred Ten Thousand Dollars and No Cents ($210,000.00) and the other terms of this Stipulation and Agreement, as set forth above, the plaintiffs agree to immediately upon execution of this agreement, execute the accompanying **Stipulation and [Proposed] Order for Dismissal with Prejudice**, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in this Action, which is captioned <u>Jonathan August Brooks, Bonita Finnie, and Mildred Yvette Marshall v. United States of America</u>, C 06-7835 CW. The fully executed Stipulation of Dismissal will be held by counsel for the defendant and will be filed with the Court upon receipt by plaintiffs' counsel of the settlement amount and the completion of the settlement terms described herein.

6. This stipulation for compromise settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any party.

7. It is also agreed by and among the parties that neither the plaintiffs nor plaintiffs' attorneys may make any claim for attorney's fees or other costs or expenses of litigation against the Federal Defendant, the United States, their agents, servants, or employees in connection with plaintiff's claims as set forth herein.

8. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by the agreement.

9. It is also agreed, by and among the parties, that the settlement amount of $210,000 (Two Hundred Ten Thousand Dollars exactly) paid by the United States of America to plaintiff represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

10. The settlement amount will be made by a check payable to "Jonathan August Brooks, Bonita Finnie, and Mildred Yvette Marshall and their attorneys of record Hersh & Hersh." Plaintiffs' counsel shall be responsible for distributing the funds to plaintiffs.

11. Counsel for the United States of America will submit the request for Judgment Fund payment within 24 hours after receiving plaintiffs' and their attorney's

signatures on this agreement. Plaintiffs are advised that settlement checks are often not available for 45 to 60 days after approval of the settlement by the court. Counsel for the United States of America will notify plaintiff's counsel within 24 hours after receiving the settlement check in the U.S. Attorney's Office.

12. Plaintiffs hereby release and forever discharge the United States of America and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

13. Plaintiffs Jonathan August Brooks, Bonita Finnie, and Mildred Yvette Marshall each specifically represent and warrant the following: Other than the three plaintiffs, there are no surviving children of the plaintiffs' father, Henry V. Brooks, Jr. Plaintiffs understand that this warranty is a material provision in this settlement agreement.

14. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorney of record, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs

understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this settlement agreement shall be and remain effective notwithstanding such material difference.

15. The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiffs' pleadings in this action. Plaintiffs agree to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, arising out of the allegations set forth in plaintiff's complaint in this action.

16. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

17. If any withholding or income tax liability is imposed upon plaintiffs based on payment of the settlement sum as set forth herein, plaintiffs shall be solely responsible for paying any such liability.

18. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and

Agreement.

19. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.

20. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

21. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue any of the original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree

that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement. This settlement agreement may be signed in counterparts.

22. The parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the parties' agreement to vacate all pending discovery, motion hearing dates, settlement or pretrial deadlines or trial date associated with this litigation.

DATED: December 19, 2007          /S/
                                  Jonathan August Brooks, Plaintiff

DATED: December 18, 2007          /S/
                                  Bonita Finnie, Plaintiff

DATED: December 18, 2007          /S/
                                  Mildred Yvette Marshall, Plaintiff

DATED: December 19, 2007          HERSH & HERSH

                                  /S/
                                  BETHANY CARACUZZO
                                  Attorneys for Plaintiffs

DATED: December 19, 2007          SCOTT N. SCHOOLS
                                  United States Attorney

                                  /S/
                                  JONATHAN U. LEE
                                  Assistant United States Attorney
                                  Attorneys for Defendant UNITED STATES OF AMERICA

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: 12/21/07                   _Claudia Wilken_
                                  The Honorable Claudia Wilken
                                  UNITED STATES DISTRICT JUDGE

STIPULATION OF SETTLEMENT; ORDER
Case No. C 06-7835 CW                    -8-